City of New Orleans vs. City Hotel and Morse and Zunts.

## No. 6029.

CITY OF NEW ORLEANS VS. CITY HOTEL AND R. S. MORSE AND J. E. ZUNTS.

By act No. 41 of 1870 it was provided "that all warrants, checks, or orders issued, or that may hereafter be issued, signed, and approved as aforesaid, for the supplies and expenses of said Board of Police, shall be and are hereby made receivable for all parish and municipal licenses and taxes and debts due or to become due to the parishes of Orleans, Jefferson, and St. Bernard; provided the aggregate of said warrants, checks, or orders so received in each current year shall not exceed the amount of the apportionment made by the Board of Metropolitan Police Commissioners upon said parishes or cities for that year."

This clause of the law was indorsed on the back of each of the warrants issued by the Board of Metropolitan Police Commissioners. It doubtless enhanced their value, and induced defendants to purchase the ones they tendered in payment of their city taxes.

Act No. 33 of 1874, passed subsequent to the issue of the warrants in question, limiting their receivability for taxes to years anterior to the first of January, 1874, and prohibiting said warrants from being received for taxes due thereafter, is unconstitutional and void, because impairing the obligations of a contract.

There is nothing in the record showing that the aggregate of the warrants receivable for taxes for the current year exceeded or did not exceed the amount of the apportionment made by the Board of Police Commissioners for that year. If it was in excess of that apportionment it was in the power of the plaintiff to show it, because no one can know so well as the city of New Orleans how many warrants it has received during the current year and whether it exceeds the amount of apportionment aforesaid.

As to the power of the General Assembly to make warrants issued in evidence of expenses for policing the city receivable for taxes due the city, there can be no doubt.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins,* J.  *Samuel P. Blanc,* Assistant City Attorney, for plaintiff and appellee.  *J. W. Thomas* and *A. C. Lewis,* for defendants and appellants.

WYLY, J.  In answer to the demand of the plaintiff for taxes for 1875, amounting to $4375, the defendants tendered and filed in court Metropolitan Police warrants issued during the fiscal years of 1873 and 1874 to the full amount of said demand, notwithstanding which the court gave judgment for plaintiff as prayed for, and defendants appeal.

We think the court erred.  By act No. 41 of 1870 it was provided that "all warrants, checks, or orders issued, or that may hereafter be issued, signed, and approved as aforesaid, for the supplies and expenses of said board of police, shall be and are hereby made receivable for all parish and municipal licenses and taxes, and debts due or to become due to the parishes of Orleans, Jefferson, and St. Bernard, and the cities of New Orleans, Jefferson, and Carrollton, provided the aggregate of said warrants, checks, or orders so received in each current year shall not exceed the amount of the apportionment made by the Board of Metropolitan Police Commissioners upon said parishes or cities for that year."

And this clause of the law was indorsed on the back of each of the warrants issued by the Board of Metropolitan Police Commissioners; it doubtless enhanced their value and induced defendants to purchase the

ones they tendered in payment of their city taxes. It is contended, however, that act No. 33 of 1874, passed subsequent to the issue of the warrants in question, limited their receivability for taxes to years anterior to the first of January, 1874, and prohibited said warrants from being received for taxes due thereafter. To this the answer is that said clause of said act of 1874 is void, because it impairs the obligations of a contract, and the cases of Farman vs. Nichol, 8 Wallace, 44, and Woodruff vs. Trapnall, 10 Howard, 206, are cited in support of the position, and they are conclusive of the question.

Plaintiff also contends that the defendants can not require it to receive the warrants for taxes, because they have not shown that the aggregate of such warrants received by it for such current year does not exceed the amount of the apportionment made by the Board of Police Commissioners upon it for that year. Upon this point there is no evidence in the record. If such be the case, it was in the power of plaintiff to show it, because no one can know so well as the city of New Orleans how many warrants it has received during the current year, and whether the aggregate exceeds the amount of the apportionment made by the Board of Metropolitan Police Commissioners upon said city for that year. As to the power of the General Assembly to make warrants issued in evidence of expenses for policing the city receivable for taxes due the city, there can be no doubt.

It is therefore ordered that the judgment herein be annulled, and that plaintiff's demand be rejected, defendants paying costs incurred prior to the tender of the warrants, and plaintiff paying all costs accruing thereafter in both courts.

Rehearing refused.